The PENNSYLVANIA RAILROAD COM-
PANY, Plaintiff,

v.

Joseph SHARFSIN, P. Stephen Stahlneck-
er, Robert W. Anthony, William F.
O'Hara, and John L. Dorris, Individual-
ly and as Commissioners of the Penn-
sylvania Public Utility Commission, De-
fendants.

Civ. A. No. 7810.

United States District Court
M. D. Pennsylvania.

March 20, 1963.

Nauman, Smith, Shissler & Hall, Har-
risburg, Pa., for plaintiff.

William A. Goichman, Edward Munce,
Asst. Counsel, Joseph I. Lewis, Chief
Counsel, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

This is a motion by defendants to dis-
miss the above stated action.

Plaintiff is The Pennsylvania Railroad
Company (hereinafter referred to as
"Railroad"), a Pennsylvania corporation
with its principal office in the City of
Philadelphia, Pennsylvania. The defend-
ants are Joseph Sharfsin, P. Stephen
Stahlnecker, Robert W. Anthony, Wil-
liam F. O'Hara, and John L. Dorris, in-
dividually and as Commissioners of the
Pennsylvania Public Utility Commission
(hereinafter referred to as "P.U.C.").

The Complaint sets forth, inter alia:

1. that the suit arose under the Act
of Congress approved June 25, 1948, c.
646, 62 Stat. 931, 28 U.S.C. § 1337, and
the Act of Congress regulating commerce
approved August 12, 1958, Pub.L. 85–
625, § 5, 72 Stat. 571, otherwise known as
the Transportation Act of 1958 and as
Section 13a(1) of the Interstate Com-
merce Act, Part I, 49 U.S.C. § 13a(1);

2. that Railroad, prior to February
25, 1962, operated two passenger trains,
in interstate commerce, designated Nos.
638 and 645, between the cities of Harris-
burg, Pennsylvania and Hagerstown,
Maryland;

3. that Railroad, on November 28,
1960, filed an application with the P.U.C.
at Application Docket 87818 seeking per-
mission to discontinue, within the Com-
monwealth of Pennsylvania, the opera-
tion of the aforesaid passenger trains;

4. that the P.U.C., after public hear-
ings, denied Railroad's application by its
Order of August 7, 1961. No appeal was
taken from that Order;

5. that Railroad, on January 25, 1962,
filed with the Interstate Commerce Com-
mission a "Notice of Proposed Discon-
tinuance of Service" under authority of
Section 13a(1) of the Interstate Com-
merce Act and filed with the Interstate

Commerce Commission a "Statement in Relation to the Proposed Discontinuance of Interstate Passenger Trains 638 and 645" as required by the regulations of the Interstate Commerce Commission;

6. that the Interstate Commerce Commission, on February 12, 1962, released a Notice of its conclusion not to enter upon an investigation of the proposed discontinuance of Railroad's passenger trains No. 638 and No. 645;

7. that the P.U.C., on February 20, 1962, issued upon Railroad a Rule to Show Cause why Railroad should not comply with the Order of the Commission of August 7, 1961;

8. that Railroad, on February 25, 1962, discontinued the operation of passenger trains No. 638 and No. 645 pursuant to its Notice of January 25, 1962, and under authority of Section 13a(1) of the Interstate Commerce Act aforesaid;

9. that the P.U.C., after argument on the Rule to Show Cause issued upon Railroad, by its Order of July 9, 1962, made the Rule to Show Cause absolute and ordered Railroad to restore and continue to maintain service as required by the Order of the P.U.C. of August 7, 1961. The said Order of July 9, 1962, was unlawful and issued in defiance of Section 13a(1) of the Transportation Act of 1958 and of Railroad's rights thereunder. The P.U.C. purported to justify its said Order on the ground that Section 13a(1) aforesaid was unconstitutional;

10. that the Order of the P.U.C. requiring Railroad to restore to service passenger trains No. 638 and No. 645 was beyond the jurisdiction of the Commission. By virtue of Section 13a(1) of the Transportation Act of 1958, supra, and the action of the Railroad pursuant thereto, jurisdiction over the said trains No. 638 and No. 645 was vested solely and exclusively in the Interstate Commerce Commission. Furthermore, the P.U.C. has no power or authority to declare unconstitutional or otherwise refuse to be bound by an Act of Congress regulating Interstate commerce;

11. that Railroad has acted lawfully, under authority of Section 13a(1) aforesaid, in discontinuing the operation of its passenger trains No. 638 and No. 645 and in omitting to restore said trains to service. Although Railroad believes and avers that the action of the P.U.C. and its Order of July 9, 1962 is unlawful, nevertheless, Railroad would be subject, to the imposition of penalties under authority of the Act of Assembly approved May 28, 1937, P.L. 1053, Article XIII, Section 1301, 66 P.S. § 1491, at the rate of $50.00 for each day in which it fails to obey the aforesaid Order, if the said Order of the P.U.C. is lawful. Railroad, its officers and employees, would further be subject, under authority of the Act of Assembly approved May 28, 1937, P.L. 1053, Article XIII, Section 1302, 66 P.S. § 1492, to criminal prosecution entailing possible penalties of $500.00 and imprisonment for one year for Railroad's failure to obey the aforesaid Order of the P.U.C. if said Order is lawful;

12. that the enforcement of the Order of the P.U.C. issued July 9, 1962, restoring passenger trains No. 638 and No. 645 to operation, would unlawfully and irrevocably deprive Railroad of its property, since Railroad would be put to enormous expense for train crews, operating equipment and other necessary costs at a net expense to it of many thousands of dollars and would deprive Railroad of the major savings made possible by the discontinuance of said trains;

13. that plaintiff has no adequate remedy at law for the wrong complained of.

The Complaint prayed the Court to,

"(a) issue its Order restraining and enjoining the Defendants, Joseph Sharfsin, P. Stephen Stahlnecker, Robert W. Anthony, William F. O'Hara and John L. Dorris, personally, and in their official capacities as Commissioners of the Pennsylvania Public Utility Commission, and their successors in office, from enforcing the Order of the Pennsylvania Public Utility Commission of

July 9, 1962, or imposing any penalties, civil or criminal, for non-compliance therewith;

"(b) command and compel the Defendants, Joseph Sharfsin, P. Stephen Stahlnecker, Robert W. Anthony, William F. O'Hara and John L. Dorris, to revoke and withdraw the Order of the Commission issued July 9, 1962, and dismiss the Rule to Show Cause issued upon Plaintiff, on February 20, 1962; and

"(c) grant unto Plaintiff such other relief as equity and justice may require."

The Motion to Dismiss is predicated on the following reasons:

1. The Court should, in its discretion as a Court in equity and for the reasons of comity, decline to exercise its jurisdiction invoked by Railroad.

2. The Order of the P.U.C., unappealed from is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution; Act of June 25, 1948, 62 Stat. 947, 28 U.S.C. § 1738 and 28 U.S.C. § 1739.

3. In the event that the doctrine of "full faith and credit" is held to be inapplicable, the Complaint should be dismissed on the ground of res judicata.

In support of their first reason (comity) defendants state:

(a) That on February 20, 1962, P.U.C. issued upon Railroad a Rule to Show Cause why it should not comply with the P.U.C. Order of August 7, 1961, requiring Railroad to maintain service between the City of Harrisburg and the Pennsylvania-Maryland boundary line. On February 27, 1962, Railroad answered the Rule and raised the question of supremacy of the Federal Transportation Act of 1958 concerning Section 13a(1) of that Act, 49 U.S.C. § 13a(1). On April 6, 1962, a hearing was held at which Railroad appeared through its counsel and stipulated to the facts in controversy, again raising the question of Federal supremacy under the said Federal Transportation Act of 1958. On July 9, 1962, P.U.C. issued its Order, served upon the Railroad on July 11, 1962, rejecting the arguments of Railroad.

(b) Railroad was properly before P.U.C. concerning the question of discontinuance of intrastate transportation, in fact Railroad had invoked the jurisdiction of P.U.C. by filing its application before P.U.C. on November 29, 1960.

(c) Under the Act of May 28, 1937, P. L. 1053, Section 1101, 66 P.S. § 1431, an aggrieved party must appeal an Order of P.U.C. to the Superior Court of Pennsylvania within thirty days after service of the Order.

(d) Under the Public Utility Law, to which the Railroad was subject in its litigation before the P.U.C., the Railroad was required to file an appeal to the Superior Court within thirty days from the service of the P.U.C. Order of July 9, 1962. Had this been done, the further appellate procedure before the Supreme Court of Pennsylvania and ultimately before the Supreme Court of the United States would have been available.

(e) The regulation of intrastate transportation between points in Pennsylvania is based upon predominantly local factors, and the federal questions raised by the Railroad were considered fully by P.U.C. in its Order of July 9, 1962, and had proper appeal been taken undoubtedly would have been considered fully by both the State Superior Court, State Supreme Court and United States Supreme Court.

In support of their second reason (full faith and credit), defendants state:

(a) The federal questions raised by the Railroad were fully discussed and overruled by the P.U.C. Railroad elected not to appeal the Order of P.U.C. of July 9, 1962, but instead elected to permit the Order of P.U.C. to become final.

(b) Under the provisions of Section 1112 of the Public Utility Law (66 P.S. § 1442) the Order of P.U.C. is conclusive upon the Railroad, admittedly a party to the proceeding and subject to the jurisdiction of P.U.C., which the Railroad had initially invoked. Under the law of

Pennsylvania, Railroad is not at liberty to question the validity of the Order of P.U.C. from which no appeal was taken. By federal statute, 28 U.S.C. § 1738, all courts in the United States must give to such an order the same faith and credit as such order would have in the Courts of Pennsylvania.

(c) Because the effect of Railroad's failure to appeal Order of P.U.C. of July 9, 1962 is res judicata of the matters properly before the P.U.C., Complaint should be dismissed as an attempt to relitigate the issues which were litigated to a finality in Pennsylvania.

In support of their third reason (res judicata) defendants state:

1. Nov. 28, 1960, Railroad applied to P.U.C. for leave to discontinue passenger train service between Harrisburg and Pennsylvania-Maryland boundary line (intrastate portion of this run).

Aug. 7, 1961, P.U.C. denied Railroad's application of Nov. 28, 1961.

Jan. 25 1962, Railroad filed notice of its intention to discontinue (effective February 25, 1962) the operation of trains No. 638 and No. 645 operating daily between Harrisburg, Pennsylvania and Hagerstown, Maryland, under Section 13a(1) of the Interstate Commerce Act, 49 U.S.C. § 13a(1), etc.

Feb. 8, 1962, I.C.C. determined not to enter upon an investigation of the proposed train discontinuance.

Feb. 15, 1962, Time for I.C.C. to object expired.

Feb. 20, 1962, P.U.C. issued Rule on Railroad to Show Cause why the service in question should not be continued and enjoining Railroad from discontinuing intrastate portion of run until further order of P.U.C.

Feb. 25, 1962, Thirty day notice period under 49 U.S.C. § 13a(1) expired and Railroad discontinued the operation of trains No. 638 and No. 645 over the entire interstate route, i. e., Harrisburg, Pennsylvania to Hagerstown, Maryland.

Feb. 27, 1962, Railroad filed Answer to Rule of P.U.C. averring it had applied to I.C.C. under 49 U.S.C. § 13a(1), and that because of failure of I.C.C. to enter upon an investigation, Railroad became authorized to discontinue the trains in question.

In the event the Court determines that the full faith and credit clause does not apply to the orders and decrees of the P.U.C., nonetheless the Order of P.U.C. being unappealed from and involving same subject matter, same parties, same issues and same interests must be held to be res judicata.

A time schedule is set forth in the margin setting forth in chronological order the various steps taken in connection with the efforts of Railroad to discontinue the operation of two of its trains engaged in an interstate service between Harrisburg, Pennsylvania and Hagerstown, Maryland.[1]

From this schedule it will be noted that Railroad initially sought its relief from

Mar. 23, 1962, I.C.C. dismissed requests for reconsideration of its decision not to enter upon an investigation of the proposed train discontinuance.

July 9, 1962, P.U.C. reaffirmed its Order of August 7, 1961, and ordered Railroad to resume and continue the passenger service in question which Railroad had abandoned on February 25, 1962.

Aug. 8, 1962, Railroad filed instant suit against P.U.C. seeking (a) to restrain and enjoin P.U.C. from enforcing its Order of July 9, 1962, or imposing any sanctions for noncompliance; (b) an Order compelling P.U.C. to revoke its Order of July 9, 1962 and to dismiss its Rule to Show Cause issued February 20, 1962.

Sept. 10, 1962, Hearing before Three Judge Court In re: Sludden, et al. v. United States of America, Interstate Commerce Commission and The Pennsylvania Railroad Company, D.C.M. D.Pa., Civil Action No. 7680, Opinion filed November 29, 1962, 211 F. Supp. 150. The action sought to set aside alleged actions of I.C.C. taken on February 8, 1962 and March 23, 1962. The suit was by various labor organizations against I.C.C. and involved the same facts as the instant case, however, P.U.C. was not a party. The Opinion held that Section 13a(1) of the Interstate Commerce Act, 49 U.S.C. § 13a(1), is constitutional and granted motions of the United States of America, Interstate Commerce Commission and The Pennsylvania Railroad Company to dismiss the Complaint.

P.U.C. That upon failing here and without appealing, it sought relief under the Interstate Commerce Act. Then followed a series of conflicting imponderables: on the one hand, definitive orders of the P.U.C.; on the other hand, failure to enter upon an investigation in accordance with the provisions of the Interstate Commerce Act, which failure in and of itself, under the terms of the said Act, vested certain rights in Railroad. Availing itself of the rights thus acquired under the Federal statute, Railroad discontinued the complete interstate operation of the two trains only to find itself faced with the Order of the State regulatory body to resume and continue the intrastate movement of the two trains. Failure to comply with the latter Order automatically subjects Railroad to the sanctions, civil and criminal, of the pertinent Pennsylvania statute, to wit: Act of May 28, 1937, P.L. 1053, art. XIII, §§ 1301 and 1302, 66 P.S. §§ 1491 and 1492. Here again with respect to P.U.C. Order of July 9, 1962 (to resume and continue operations), Railroad failed to appeal as it had previously failed to appeal the P.U.C. Memorandum of August 7, 1961 denying Railroad's original application to discontinue.

From the foregoing it cannot be said at this time that Railroad in its Complaint has not set forth a cause of action which calls for relief, especially in the light of the Opinion of the Three Judge Court in this District in the case of Sludden, et al. v. United States of America, et al., supra, which Opinion was written by the writer of the instant Opinion and of which this Court presently takes judicial notice.

I do not feel that the various issues raised by defendants in their Motion to Dismiss, to wit: comity, full faith and credit, and res judicata, are matters which call for consideration, much less extended discussion, in the present posture of the case, to wit: on the Motion to Dismiss.

Accordingly, defendants' Motion to Dismiss will be denied.